UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS O'NEAL FLOWERS                                                            PETITIONER

v.                                                          CIVIL ACTION NO. 3:14cv178-DPJ-FKB

HUBERT DAVIS                                                                     RESPONDENT

ORDER

This 28 U.S.C. § 2254 habeas corpus case is before the Court on the Report and Recommendation [12] of United States Magistrate Judge F. Keith Ball.  Judge Ball recommended that habeas relief be denied and Petitioner Marcus O'Neal Flowers's petition be dismissed with prejudice.  Flowers filed Objections [15] to the Report and Recommendation.  For the reasons that follow, the Court adopts the Report and Recommendation as the opinion of the Court as modified herein.

In a thorough, twelve-page Report and Recommendation, Judge Ball addressed each of Flowers's six grounds for relief, concluding that none warranted federal habeas relief.  In his Objections, Flowers makes an argument as to each ground for relief.  The Court will address the arguments in turn.

I.      Ground One:  DNA Testing

In his Objections, Flowers agrees that "DNA testing is an issue of state law."  Obj. [15] at 4; *see* Report & Recommendation [12] at 6 ("Whether or not Flowers is entitled to additional DNA testing is solely a question of state law, specifically, Miss. Code Ann. § 99-39-5.").  As Judge Ball correctly held, federal habeas relief is not available for alleged errors of state law. *Id.*; *see* 28 U.S.C. § 2254(a) (providing that writ of habeas corpus is available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the

United States"); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting a federal habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Flowers nevertheless contends that his DNA-testing claim "does involve a federal constitutional issue, that is the right to substantive and procedural due process of law under the 5th and 14th amendments to the U.S. Constitution." Obj. [15] at 4. But Flowers did not present his DNA-testing claim to the Mississippi Supreme Court as a federal-due-process claim; in his Application for Leave to File Motion for Post-Conviction Relief, he couched the claim solely as one under state law. State Ct. R. Vol. 6 [8-6] at 12–16. Any federal claim related to DNA testing is therefore unexhausted and due to be dismissed without prejudice. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); *see Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Indeed, where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." (internal quotation marks and citations omitted)).[1] Therefore, the Court adopts the

---

[1] To the extent that Flowers now seeks "DNA testing of crime-scene evidence," rather than "'immediate or speedier release' from confinement" based on his DNA claims, he may have a cause of action for violation of his rights under 42 U.S.C. § 1983. *Skinner v. Switzer*, 562 U.S. 521, 524, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). But as the Supreme Court noted in *Skinner*, "the federal action a state prisoner may bring for DNA testing" is "severely limit[ed]." *Id.* at 525 (citing *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2011)); *see Garcia v. Castillo*, 431 F. App'x 350, 353 (5th Cir. 2011) (explaining that a § 1983 plaintiff "can only prevail if he shows that [a state] statute, as applied, violated his rights under the Constitution" and noting that the Court in *Skinner* "did not enlarge the 'slim' right of a state prisoner seeking DNA testing 'to show that the governing state law denies him procedural due process'" (quoting *Skinner*, 562 U.S. at 525)).

Report and Recommendation on this point except to the extent that the federal DNA claims shall be dismissed without prejudice.

II.     Grounds Two and Three:  Calvin Ruffin

Judge Ball considered Flowers's claims regarding Ruffin and concluded that there was no violation of Flowers's "right to compulsory process or any other constitutional rights."  Report & Recommendation [12] at 8.  In his Objections, Flowers takes issue with this conclusion and claims he is entitled to an evidentiary hearing to present "newly discovered evidence."  Obj. [15] at 6.  Flowers's objection "to the findings to the extent that the court finds that no federal right is violated" is conclusory and overruled.  *Id.*  As to his request for an evidentiary hearing, generally "[a] petitioner must develop the factual basis of his claim in state court to be entitled to an evidentiary hearing in federal court."  *Gallegos v. Quarterman*, 265 F. App'x 300, 303 (5th Cir. 2008).  Neither of the exceptions to this rule enunciated in 28 U.S.C. § 2254(e)(2) exists here, and Flowers's unsupported allegation that Ruffin's unknown testimony "*could* prove Flowers['s] innocence" does not indicate that the factual basis of his claim was developed in state court. Obj. [15] at 6 (emphasis added).

III.    Ground Four:  In-Court Identification

Judge Ball correctly characterized Flowers's next ground for relief as a challenge to the evidence in his state-court trial.  Flowers has not established that the Mississippi Supreme Court's rejection of this ground "involved an unreasonable application of[] clearly established [f]ederal law" or "was based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. §2254(d).  And as to his alternative argument based on *Neil v. Biggers*, 409 U.S. 188 (1972), in his Objections, "Flower[s] agrees . . . that *Neil* . . . does not apply here." Obj. [15] at 8.

IV.     Grounds Five and Six:  Ineffective Assistance and Cumulative Error

Considering Flowers's ineffective-assistance-of-counsel claim, Judge Ball concluded that "a reasonable jurist could conclude that the state court's rejection of this claim was a reasonable application of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]."  Report & Recommendation [12] at 11.  And regarding his cumulative-error claim, Judge Ball noted that "Flowers has identified no errors that amounted to a violation of his constitutional rights.  Thus, there is nothing to cumulate."  *Id.* at 12.  The Court agrees with these conclusions.

In his Objections, Flowers "asks the Court to specifically allow both sides to brief or file a memorandum of law on" the ineffective-assistance issue "prior to ruling on the Report and Recommendation."  Obj. [15] at 8.  But Flowers has had several opportunities to brief the issue, including in his Objections, and has not shown why he should receive yet another opportunity or what additional arguments he might make in a supplemental brief.  And Flowers does not address the alleged cumulative error except to ask for a hearing without explaining why he is entitled to one.  The Objections are overruled.

V.     Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation [12] as its opinion with the modification that any federal claims related to DNA testing are dismissed without prejudice for failure to exhaust.  Otherwise, Flowers's petition is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2017.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE